```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

IVAN CALAFF,

                    Petitioner,

     - against -                              15 Civ. 7868 (RWS)

MICHAEL CAPRA, SUPERINTENDENT, SING              OPINION
SING CORRECTIONAL FACILITY,

                    Respondent.

------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/17

A P P E A R A N C E S:

ATTORNEYS FOR PETITIONER

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
By:  Daniel F. Kolb, Esq.
     Shahira D. Ali, Esq.
     Matthew Cormack, Esq.
     Sarah Breslow, Esq.

ATTORNEYS FOR RESPONDENT

CYRUS R. VANCE, JR.
District Attorney, New York County
One Hogan Place
New York, NY 10013
By:  David M. Cohn, Esq.

**Sweet, D.J.**

Petitioner Ivan Calaff ("Petitioner" or "Calaff") has moved for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. §§ 2253(c)(1)(A) and (2), challenging the Court's October 18, 2016 opinion.  For the reasons set forth below, the Certificate is granted.

**Prior Proceedings**

On October 18, 2016 this Court denied Petitioner's writ of habeas corpus.  While the Court found that the Rights Notice trial counsel gave Petitioner when he pled guilty to his 1993 conviction was unconstitutional as an unreasonable precondition on Petitioner's right to appellate counsel, Petitioner waived that right by waiting 19 years to perfect his appeal.

On November 28, 2016, Petitioner filed the instant motion for a COA.  The motion was taken on submission and marked fully submitted on December 15, 2016.

**Petitioner's COA is Granted Because There Are Contested Issues of Constitutional Law and the District Court's Denial of the Habeas Writ Rested on a Procedural Issue**

1

A petitioner whose habeas petition is denied by a federal district court may not appeal that decision without a COA. 28 U.S.C. §§ 2253(c)(1). Functionally, the Second Circuit Court of Appeals' local rules require the district court to decide the issue of appealability before the Second Circuit will consider it. See Second Circuit Rule 22.1.

The Second Circuit has found that a COA should issue when a habeas petitioner "has made a substantial showing of the denial of a constitutional right." *Blackman v. Ercole*, 661 F.3d 161, 163 (2d Cir. 2011). The petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (internal citations omitted).

Here, other jurists could reasonably debate whether Petitioner in this case could ever waive his right to appellate counsel when the Rights Notice he was handed in 1993 and the First Department procedures at that time violated his constitutional right to appellate counsel. The Supreme Court has held that if there is any doubt about whether to grant a COA, the district court should grant the COA when it denied the

2

underlying habeas petition on procedural grounds, which was the case here. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Contrary to the Government's position, the question of whether a petitioner can waive his constitutional rights through inaction is a substantial question for the Court of Appeals to consider.

**The District Court Can Properly Consider a COA After a Notice of Appeal Has Been Filed with the Circuit Court**

The Government argues that the District Court here lacks jurisdiction to issue a COA because the Petitioner has already filed a notice of appeal. Petitioner filed the motion with this Court three days before filing a notice of appeal with the Second Circuit, but the Government argues that once Petitioner filed the notice of appeal, the Second Circuit had jurisdiction over the case. For this proposition, the Government cites two cases from the Middle District of Tennessee concerning Certificates for Probable Cause ("CPC"). See *Cole v. Campbell*, 670 F. Supp. 223, 224 (M.D. Tenn. 1987); *Terrell v. Dutton*, 661 F. Supp. 100, 102 (M.D. Tenn. 1986). However, subsequent Circuit Court case law indicates that "the notice of appeal did not strip [the district court judge] of the authority to issue a CPC." *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990); see also *Williams v. Chrans*, 50 F.3d 1356, 1357 (7th Cir. 1995).

3

The concern animating this rule is that the two courts might take duplicative action. However, that concern is not present here as the Second Circuit will not rule on the COA issue without a prior ruling from the district court.

Therefore, it is appropriate for the District Court to issue a ruling on the COA question and the District Court finds that it is appropriate to grant the COA because reasonable jurists could dispute whether Petitioner's constitutional rights were violated in this case.

**I.   Conclusion**

For the reasons stated above, Petitioner's Certificate of Appealability is granted.

It is so ordered.

**New York, NY**
**January 31, 2017**

_____
ROBERT W. SWEET
U.S.D.J.

5